**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JAY BARRINGER,**

    **Plaintiff,**

vs.                                    **Case No. 4:22-cv-00342-MW-MAF**

**RICKY DIXON,
SEC'Y FLA. DEP'T OF CORR.,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se*, initiated this civil rights case pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff did not pay the $402 filing fee and did not submit an application to proceed *in forma pauperis*.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. See 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal courts, is a three-striker under the Prison Litigation Reform Act (PLRA) who did not pay the $402 filing fee at the time he initiated this case; therefore, this case should

be dismissed. In addition, this filing is malicious because Plaintiff affirmatively misrepresented his litigation history.

## I. Standard of Review

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491

F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues one defendant, Ricky Dixon, the Secretary for the Florida Department of Corrections (FDOC), in his individual and official capacities. ECF No. 1. Plaintiff's complaint is no model of clarity. As best can be determined, Plaintiff claims that the FDOC secretary was served with an affidavit and certain document numbers evidencing that Plaintiff's legal name is no longer registered in the United States. Id., p. 5. Officer Caldwell was also informed on August 22, 2022. Id. According to Plaintiff, Caldwell stated the case documents were on file and verified the social security number. Id.

Plaintiff claims the FDOC is violating his privacy rights under the Freedom of Information Act. Id. There were no responsive requests to a "certificate of identity form DOJ-361 EOUSA/DOJ." Id. Plaintiff claims that he has a privacy interest in the nondisclosure of his name. Id. Therefore, the legal name on the judgment is not a recorded entity. Id.

As relief, Plaintiff is seeking $500,000 in damages for each use of his registered name; the "false imprisonment of an American National"; and removal of his name from the FDOC database. Id., p. 7. Liberally construed, Plaintiff is seeking to remove his name from FDOC's list of inmates in its custody. See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff is

currently incarcerated at Madison Correctional Institution and serving a 25-year sentence following his conviction for sexual molestation of a victim under the age of 12 in Pasco County Case No. 51-2000-CF-001042.[2]

### III. Plaintiff's Failure to Identify His Previous Federal Lawsuits Amounts to an Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff signed the complaint under the penalty of perjury. ECF No. 1. In Sections VIII(A) and (C), Plaintiff is required to identify his cases in federal court which count as a "strike" under the PLRA and any habeas petitions filed in state or federal court challenging his conviction or relating to the conditions of confinement. Id., pp. 9-12. Plaintiff handwrote "N/A," rather than checking "yes" or "no." Id. Contrary to Plaintiff's opinion that his litigation history is "N/A" (not applicable), it most certainly is. In total, Plaintiff filed no

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the court records available for the Pasco County Clerk's Office at the following URL: https://www.civitekflorida.com/ocrs/app/search.xhtml. Accessed 9/26/2022. The Court also takes judicial notice of the Florida Department of Corrections, Corrections Offender Network at the following URL: http://www.dc.state.fl.us/OffenderSearch/Search.aspx. Accessed 9/26/2022.

Case No. 4:22-cv-00342-MW-MAF

less than ten federal cases in the Middle District of Florida which either challenged the validity of his conviction or his conditions of confinement.[3] He listed not one. At least five cases count as "strikes." (See Section IV below).

Plaintiff knew that accurate disclosure of his litigation history is required and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper);

---

[3] The Court will not list all of Plaintiff's federal cases in this Report because it is Plaintiff's obligation to accurately disclose his litigation history.

Case No. 4:22-cv-00342-MW-MAF

Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV. Plaintiff is a Three-Striker under the PLRA

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without prejudice." Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

The Court takes judicial notice of certain federal actions previously brought by Plaintiff in the Middle District of Florida, while he was a prisoner under the PLRA, which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. See M.D. Fla. Case Nos. 8:11-cv-01457-SDM-AEM, Barringer v. Buss (dismissed July 12, 2011, for failure to state a claim per Heck v. Humphrey, 512 U.S. 477 (1994)); 8:11-cv-02525-JDW-MAP, Barringer v. Brunvand, et al (dismissed November 10, 2011, as frivolous); 8:16-cv-00964-CEH-TGW, Barringer v. Bondi,

(dismissed August 26, 2016, for failure to state a claim and as frivolous); 8:17-cv-00087-EAK-JSS, Barringer v. McCabe (dismissed January 17, 2017, as frivolous); 8:17-cv-00385-JDW-MAP, Barringer v. Sec'y, Dep't of Corr. (dismissed February 17, 2017, for failure to state a claim).

Plaintiff's claims do not satisfy the imminent danger exception. He alleged no set of facts that would demonstrate he is in imminent danger of serious physical injury at the time of his initial filling. Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend because Plaintiff is a three-striker, did not pay the filing fee when he initiated the case, nor has he met the imminent danger exception.

## V.   Failure to Pay the Filing Fee

As a "three-striker," Plaintiff knows he is obligated to pay the fee at the time of filing and that failure to do so results in a dismissal; previously, he had cases dismissed for that very reason. See M.D. Fla. Case Nos. 8:20-cv-00130-CEH-AEP, Barringer v. Halkitis, et al and 8:20-cv-02558-CEH-AEP, Barringer v. McCabe.

A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit; and his failure to do so warrants dismissal of his case without prejudice. Dupree, 284 F.3d at 1236 ("the proper

procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). There is no reason to diverge from that procedure here.

## VI.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time he initiated this case and fails to meet the imminent danger exception. In addition, because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury, the case should be **DISMISSED** as malicious. Finally, it is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on September 27, 2022.

s/ Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

## **<u>NOTICE TO THE PARTIES</u>**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).